# United States District Court
## Eastern District of Wisconsin

UNITED STATES OF AMERICA

v.

MARK A. RUPPELT

## JUDGMENT IN A CRIMINAL CASE

**Case Number: 20-CR-15-JPS**
**Marshal Number: 17315-089**

Jonathan C. Smith
Defendant's Attorney

Gregory Haanstad
Assistant United States Attorney

**THE DEFENDANT:**
Pled guilty to Counts One, Two, and Three of the Information.

| Title & Section | Nature of Offense | Date Concluded | Count(s) |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud | 2/16/2016 | One |
| 18 U.S.C. § 1343 | Wire Fraud | 3/8/2016 | Two |
| 18 U.S.C. § 1343 | Wire Fraud | 4/29/2016 | Three |

The defendant is sentenced as provided in sheets 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Date Sentence Imposed: May 8, 2020

J. P. Stadtmueller
U.S. District Judge

Date Judgment Signed: May 12, 2020

Defendant: Mark A. Ruppelt
Case Number: 20-CR-15-JPS

# PROBATION

The defendant is hereby sentenced to probation for a term of Two (2) years as to Counts One, Two, and Three of the Information, to run concurrently for a total term of Two (2) years, Two-Hundred Forty (240) days of which shall be spent in home confinement. During this term, the defendant shall comply with the following special conditions:

1. Following this sentencing hearing, the defendant shall report in person to his supervising probation officer at such time as directed.
2. The defendant shall not commit another federal, state, or local crime.
3. The defendant shall not possess any firearms or other dangerous weapons.
4. Pursuant to the Violent Crime Control and Law Enforcement Act of 1996, the defendant shall not illegally possess or unlawfully use any controlled substance. The Court finds there is a low risk of future substance abuse by the defendant and therefore suspends the drug testing requirements.
5. The defendant must reside at a residence approved by his supervising probation officer.
6. The defendant shall use his best efforts to secure lawful full-time employment and support his dependents.
7. The defendant shall notify his supervising probation officer at least ten days prior to any change in the place of his residence or employment. When such notification is not possible, the defendant shall notify his supervising probation officer within 72 hours of the change.
8. The defendant shall notify his supervising probation officer within 72 hours of being arrested or questioned by a law enforcement officer.
9. The defendant shall follow the reasonable instructions of his supervising probation officer and answer all inquiries of such officer subject to the defendant's Fifth Amendment right against self-incrimination.
10. The defendant shall permit his supervising probation officer to visit him at reasonable times at home, or such other location as may be mutually agreed upon and shall permit confiscation of any contraband observed in plain view by his supervising probation officer.
11. The defendant shall not associate with any persons known by him to be engaged or planning to be engaged in criminal activity. "Associate" as used here means to communicate, meet, reside, socialize, or otherwise interact with such person.
12. The defendant shall not knowingly leave the judicial district to which he has been released without the permission of the Court or his supervising probation officer.
13. The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the prior approval of the Court.

14. The defendant is to provide access to all financial information requested by his supervising probation officer including, but not limited to, copies of all federal and state income tax returns. All tax returns shall be filed in a timely manner. The defendant shall also submit monthly financial reports to his supervising probation officer.

15. The defendant shall comply with the conditions of home confinement for a period not to exceed Two-Hundred Forty (240) consecutive days commencing on Friday, May 8, 2020. During this time, the defendant will remain at his place of residence at all times except for employment and other activities specifically approved in advance by his supervising probation officer. If violations occur the defendant may be placed in a lock down status (restricted to his residence at all times) for one or more days upon order of the Court. The defendant must maintain a telephone at his place of residence without "call forwarding," a modem, "caller ID," "call waiting," or portable cordless telephones for the above period. At the direction of his supervising probation officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures as approved by his supervising probation officer. The defendant shall pay the reasonable costs associated with this program under the direction of his supervising probation officer.

In accordance with the recent decisions by the United States Court of Appeals for the Seventh Circuit in *United States v. Siegel*, 753 F.3d 705 (7th Cir. 2014), *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015), *United States v. Kappes*, 782 F.3d 828 (7th Cir. 2015), *United States v. Downs*, 784 F.3d 1180 (7th Cir. 2015), *United States v. Poulin*, 809 F.3d 924 (7th Cir. 2016), *United States v. Ortiz*, 817 F.3d 1180 (7th Cir. 2016), *United States v. Hill*, 818 F.3d 342 (7th Cir. 2016), and their progeny, the Court withheld imposition of any additional conditions of probation at this time.

Defendant: Mark A. Ruppelt
Case Number: 20-CR-15-JPS

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 6.

| | **Special Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals**: | $300.00* | None | $24,000.00* |

*Monetary penalties paid in full as of May 7, 2020.

### FINE

Based upon the defendant's limited financial resources, the Court determines that the defendant does not have the financial ability to pay a fine within the guidelines range. The Court determines that the defendant does not have the financial ability to pay the interest on the fine, costs of incarceration, costs of community confinement, and supervision, and therefore waives the interest on the fine, costs of incarceration, costs of community confinement, and supervision in this case.

A waiver of the cost of community confinement does not preclude the Bureau of Prisons from imposing a subsistence fee of up to twenty-five percent (25%) of gross income, based on ability to pay, for any portion of the sentence spent in a community correctional facility.

### RESTITUTION

The defendant shall pay restitution in the amount listed below. Restitution has already been paid, as of May 7, 2020. Restitution payments shall be made to the Clerk of the Court—362 U.S. Courthouse, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin 53202—who shall disburse restitution payments to the following payees:

| PAYEE | AMOUNT |
|---|---|
| Mother & Father of Client A, via:<br>362 U.S. Courthouse<br>517 E. Wisconsin Avenue<br>Milwaukee, Wisconsin 53202 | $24,000.00 |

Defendant: Mark A. Ruppelt
Case Number: 20-CR-15-JPS

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment, and (2) restitution.

Special instructions regarding the payment of criminal monetary penalties:

Unless the Court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of the criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons Inmate Financial Responsibility Program are to be made as directed by the Court, the defendant's supervising probation officer, or the United States Attorney.